UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY G. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-15-DDN |
| NICOLE GREEN, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Gregory G. Jones, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. The motion will be granted, and the Court will assess an initial partial filing fee of $1.00. In addition, for the reasons stated below, the complaint will be dismissed.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a notice stating he is unable to obtain a copy of his inmate account statement. Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

On January 29, 2018, plaintiff filed the instant complaint in this Court, seeking relief pursuant to 42 U.S.C. § 1983 and state law against Sheriff Bob Holder, Jail Administrator Nicole Green, Assistant Jail Administrator Jimmy Smith, Nurse Ashley Green (a/k/a/ Ashley Grisham), 10 other individuals who are affiliated with the Dunklin County Justice Center, and Dunklin County, Missouri. All of the claims arose from events that occurred during plaintiff's incarceration at the Dunklin County Justice Center in 2017. In summary, plaintiff claims he was denied the correct medication and medical treatment for his seizure disorder; he was subjected to various forms of retaliation, including being housed in segregation and in an undesirable pod; and he was denied necessary shower accommodations. He also asserts state law claims of intentional infliction of emotional distress and conspiracy, and he states, in conclusory fashion, that a municipal policy or custom was the moving force behind the alleged constitutional violations. He seeks injunctive and monetary relief.

On July 17, 2017, plaintiff filed a complaint against Bob Holder, Nicole Green, Jimmy Smith, Ashley Grisham (a/k/a Ashley Green), and the Dunklin County Justice Center. *See Jones v. Holder, et al.*, Case No. 1:17-cv-111-CAS (E.D. Mo. Jul. 17, 2017) (hereafter "*Jones I*"). There, as here, plaintiff's claims stem from events that occurred during his incarceration at the Dunklin County Justice Center in 2017. In summary, he alleged he was denied the correct medication and medical treatment for his seizure disorder, he was injured during a seizure, he was wrongfully placed in an isolation cell, and the jail lacked an appropriate sick call procedure, did not have emergency call buttons in the cells, and the sole nurse, Ashley Green, was not available on weekends, all of which led to the inadequate medical care he received. He also asserted a state law claim of intentional infliction of emotional distress. He sought injunctive and monetary relief. As of the date of this Memorandum and Order, that case remains pending as to Bob Holder, Nicole Green, Jimmy Smith, and Ashley Green in their individual and official capacities.

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court concludes that the parties, issues, and available relief do not significantly differ between the instant case and *Jones I*. *See I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While plaintiff has added claims arising from events that have occurred since the filing of *Jones I* and has added defendants who were not named in *Jones I*, this does not change the fact that the issues he raises here are directly related to the issues in *Jones I*, and can all be addressed there. In addition, plaintiff's claims here against Dunklin County, Missouri are duplicative of his official capacity claims against Bob Holder, Nicole Green, Jimmy Smith, and

Ashley Green in *Jones I*. See *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n. 55 (1978) (a suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official."). The Court therefore concludes that the complaint is subject to dismissal because it is duplicative of *Jones I*. See *Aziz*, 976 F.2d 1158 (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

In addition, the Court notes that the complaint fails to state a claim upon which relief may be granted as to defendants Joe Nelson, Kyle Simms, Marisha Unknown, B. Tinsley, Melissa Unknown, Mallory Snow, Brandon Perkins, Daniel Hobbs, Steve Unknown, and Unknown Pewitt. In setting forth his claims, plaintiff fails to allege how each of these defendants was personally involved in, or directly responsible for, violating his constitutional rights. Instead, plaintiff describes actions and circumstances he believes to be unlawful, lists the defendants' names, and then states that they violated his constitutional rights. This is insufficient. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of March, 2018.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE